UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| In re: | ) | Case No. 04-23498-pmc |
|---|---|---|
| | ) | |
| David R. Caravona, | ) | Judge Pat E. Morgenstern-Clarren |
| | ) | |
| Debtor. | ) | Chapter 7 |

**STATION CASINOS, INC.'S OBJECTION AND MEMORANDUM IN OPPOSITION TO MOTION BY DEBTOR DAVID CARAVONA TO REOPEN CASE**

Station Casinos, Inc. ("Station Casinos"), incorrectly identified by David R. Caravona (the "Debtor") as "Sunset Station Hotel and Casino," by and through counsel, objects to the Motion by Debtor David Caravona to Reopen Case (dkt. 11) (the "Motion"), filed on November 7, 2005. As is more fully set forth below, the Debtor has misstated certain facts supporting his motion; as correctly stated, the Debtor has failed to set forth sufficient cause to reopen his bankruptcy case as required by Section 350(b) of the Bankruptcy Code.

**I.     INTRODUCTION**

1.     The Debtor seeks to reopen his bankruptcy case pursuant to Section 350 of the Bankruptcy Code, to seek an order "holding Sunset in contempt of court for its violation of the automatic stay and the discharge injunction."[1] (Motion at 2.) As discussed below, the discharge injunction does not provide the Debtor with the relief he seeks. Accordingly, the Motion should be denied.

---

[1] The Debtor's bankruptcy case was closed on January 20, 2005. (*See* Final Decree, dkt. 9.) Accordingly, the automatic stay terminated on that date pursuant to Section 362(c)(2) of the Bankruptcy Code. Therefore, the Debtor is not entitled to the relief that he seeks on that basis.

## II. FACTUAL BACKGROUND

2. The Debtor correctly states that between November 13 and 14, 2005, he wrote $15,000.00 in checks that were subsequently dishonored for insufficient funds. (*See* Motion at 1.)

3. The Debtor also correctly states that he repaid $2,000.00 of this amount in monthly installments. (*See* Motion at 2.) However, the Debtor is incorrect that Station Casinos did not accept his offer to make monthly payments to repay the debt; to the contrary, the $2,000.00 paid by the Debtor was paid pursuant to his offer to make monthly payments, which was accepted by Station Casinos.

4. The Debtor made monthly payments from May to June 2004, in the total amount of $2,000.00.

5. After the Debtor ceased making his promised monthly payments by failing to make a payment for July 2004, on August 23, 2004, Station Casinos filed a complaint with the Clark County District Attorney's office. This complaint was made before the Debtor commenced the above-captioned bankruptcy case on October 21, 2004, and the automatic stay commenced.

6. Station Casinos has taken no action to collect the debt owed by the Debtor following the commencement and closure of his bankruptcy case.[2] The Debtor has not alleged any facts to the contrary. Accordingly, the Debtor is not entitled to the relief he intends to pursue if the case were reopened; therefore, the motion to reopen should be denied.

---

[2] Station Casinos received $13,125.00 from the Clark County District Attorney as restitution relating to the Debtor's issuance of bad checks. The Clark County District Attorney paid this money by check dated November 10, 2005, three days after the Debtor filed his Motion to Reopen the bankruptcy case. As discussed below, receipt of this payment is not prohibited by the automatic stay or the discharge injunction.

#457470v1
00000.00000

2

04-23498-pmc    Doc 15    FILED 11/29/05    ENTERED 11/29/05 16:37:28    Page 2 of 5

### III. LAW AND ARGUMENT

7. Section 524(a)(2) provides that a discharge:

> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not such discharge of such debt is waived . . . .

11 U.S.C. § 524(a)(2).

8. Specifically excepted from discharge, however, are debts related to a "fine, penalty, or forfeiture payable to the benefit of a governmental unit . . . ." 11 U.S.C. § 523(a)(7).

9. The case of *In re Byrd*, 256 B.R. 246 (Bankr. E.D.N.C. 2000), is indistinguishable from this case. In *Byrd*, the debtor, like Debtor here, was required to make payment to the Clark County District Attorney in an amount equal to the amount of his dishonored checks issued to two casinos. The debtor argued that this payment, and the subsequent payment of the money to the casinos, violated the automatic stay and discharge injunction. *Id.* at 248. The court disagreed, holding that:

> [T]he restitution and fines [the debtor] paid were, pursuant to the Nevada statute, within the "fine, penalty, or forfeiture" language of § 523(a)(7). It is clear that a restitution award can be payable "to and for the use of the governmental unit" even if the government receives the money and then disburses it to victims.

*Id.* at 255 (citing *United States Dept. of Housing v. Cost Control Marketing v. Sales Management of Va., Inc.*, 64 F.3d 920, 927–28 (4th Cir. 1995)).

10. Like the debtor in *Byrd*, the Debtor here admits that he paid money to the Clark County District Attorney's Office. (*See* Motion to Reopen at 2.) Like the debtor in *Byrd*, the Debtor here is incorrect that his obligation to pay the money to the Clark County District Attorney's Office was discharged. *See Byrd*, 256 B.R. at 255.

11. The Debtor's motion to reopen his bankruptcy case is based on the proposition that the payment to the District Attorney's Office was discharged. Because this proposition is incorrect, the Debtor would not be entitled to the relief he seeks if the case is reopened. Accordingly, the Motion to Reopen should be denied.

Date: November 29, 2005

Respectfully Submitted,

*/s/ Timothy B. McGranor*
Timothy B. McGranor (0072365)
Bailey Cavalieri LLC
10 West Broad Street, Suite 2100
Columbus, OH 43215
(614) 221-3155 / Fax: (614) 221-0479
E-Mail: Timothy.McGranor@baileycavalieri.com

*Attorneys for Station Casinos, Inc.*

# CERTIFICATE OF SERVICE

A copy of the foregoing *Station Casinos, Inc.'s Objection and Memorandum in Opposition to Motion by Debtor David Caravona to Reopen Case* was served this 29th day of November 2005, via the Court's CM/ECF system and/or by first class U.S. mail, postage prepaid, upon the following:

Robert J. Berk, Esq., *via CM/ECF*

Susan M. Gray, Esq., *via CM/ECF*

Waldemar J. Wojcik, Esq., *via CM/ECF*

| | |
|---|---|
| James I. Miller, Esq.<br>Deputy District Attorney<br>Clark County District Attorney's Office<br>200 South Third Street, 5th Floor<br>Las Vegas, NV 89101 | David Roger, Esq.<br>District Attorney<br>Clark County District Attorney's Office<br>200 South Third Street, 5th Floor<br>Las Vegas, NV 89101 |
| David R. Caravona<br>7192 Parma Park Blvd.<br>Parma, OH 44130 | Clark County District Attorney's Office<br>200 South Third Street, 5th Floor<br>Las Vegas, NV 89101 |

          */s/ Timothy B. McGranor*
          Of counsel