DAVID ROGER
District Attorney
State Bar No. 002781
By: **KIMBERLY A. PHILLIPS**
Deputy District Attorney
State Bar No. 008609
**CIVIL DIVISION**
500 South Grand Central Pkwy.
P. O. Box 552215
Las Vegas, Nevada 89155-2215
(702) 455-4761
Fax (702) 382-5178
e-mail: DA-Bankr@co.clark.nv.us
Attorneys for
**Clark County District Attorney's Office**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | BK-04-23498 |
| DAVID CARAVONA | ) | Chapter 7 |
| Debtor. | ) | Judge Pat E. Morgenstern-Clarren |
| | ) | |

## OBJECTION AND MEMORANDUM IN SUPPORT OF OBJECTION BY THE CLARK COUNTY DISTRICT ATTORNEY'S OFFICE TO DEBTOR'S MOTION TO REOPEN BANKRUPTCY CASE

COMES NOW the Clark County District Attorney's Office (the "District Attorney"), by its attorney, DAVID ROGER, through KIMBERLY PHILLIPS, Deputy District Attorney, and hereby objects to David R. Caranova's (the "Debtor") motion to reopen his bankruptcy case in order to avoid prosecution. As is more fully set forth below, the Debtor has misstated certain facts supporting his motion; as correctly stated, the Debtor has failed to set forth sufficient cause to reopen his bankruptcy case as required by Section 350(b) of the Bankruptcy Code.

### I.

### INTRODUCTION

1.    The Debtor seeks to reopen his bankruptcy case in order "to afford him relief from prosecution." (Motion to Reopen at 1). However, in order to avoid extradition to the State of Nevada for criminal prosecution, the Debtor agreed to and subsequently paid full

restitution out of his post-petition assets to the Clark County District Attorney's office for his pre-petition criminal acts committed in Clark County, Nevada. As a result, there are

1 currently no criminal charges pending against the Debtor in Clark County, Nevada. The

2 Debtor has failed to state a ripened claim for the relief sought.

**II.**

**STATEMENT OF FACTS**

3

4

5     2.      Nearly two months prior to the Debtor's filing bankruptcy[1], the Clark County

6 District Attorney's Office received a Bad Check/Marker Complaint from the Sunset Station

7 Casino (the "Station Casinos"), a hotel and casino located within Clark County's

8 jurisdiction. The August 23, 2004, complaint alleged that the Debtor had passed five (5) bad

9 checks at the Station Casinos during the month of November 2003 (Exhibit A).

10     3.      Nevada Revised Statute 205.130(1)(e) provides that if a debtor passes a bad

11 check, or series of bad checks, to obtain "credit extended by any licensed gaming

12 establishment," during a period of ninety days, and the aggregate amount is $250 or more,

13 the crime is a class D felony punishable by imprisonment of not less than one year and not

14 more than four years. (NRS § 193.130). In addition to any other penalty, the court *shall*

15 order the person to pay restitution. (NRS § 205.130(1)(e)). (Emphasis added). (Exhibits B

16 and C).

17     4,      Still prior to the debtor's filing of a bankruptcy petition, on September 1, 2004,

18 the District Attorney sent a Notice of Bad Check(s) to the Debtor's home address, 7192

19 Parma Park Boulevard, Parma, Ohio, 44130 advising the Debtor that acceptance into the

20 Clark County's Bad Check Division Program was an alternative to immediate prosecution.

21 (NRS § 205.466).

22     5.      On September 13, 2004, the District Attorney sent another letter to the Debtor

23 stating that criminal charges were being processed against him and that he should make

24 restitution if he wished to participate in Nevada's Deferred Prosecution Program. (NRS §

25 205.466).

26

---

[1] Debtor filed bankruptcy petition on October 21, 2004.

6.    Rather than respond to the District Attorney's correspondence, the Debtor filed for chapter 7 bankruptcy relief on October 21, 2004.

7.    Debtor's counsel, Mr. Robert J. Berk, sent written correspondence dated November 2, 2004, to the Clark County District Attorney's office advising that his client, the Debtor, had filed for Chapter 7 bankruptcy relief. (Exhibit D).

8.    The Clark County District Attorney's office responded to Debtor's counsel by written correspondence dated November 2, 2004 advising that the filing of a bankruptcy petition would not preclude the District Attorney's office from continuing with the criminal case against the Debtor for his alleged criminal acts. However, the Clark County District Attorney also informed the Debtor's attorney that it did not intend to utilize the restitution program to force collection from an individual who has obtained a stay of collection through filing bankruptcy. (Exhibit E).

9.    On November 23, 2004, the Clark County District Attorney filed a Criminal Complaint in Justice Court, Henderson Township, against the Debtor (case number 04FH2890X) alleging 5 counts of drawing and passing a check without sufficient funds in debtor's bank account with intent to defraud (Felony – NRS 205.130, 205.132). An arrest warrant for the Debtor was subsequently issued.

10.    On December 3, 2004, the Clark County District Attorney's office sent another letter to Debtor's counsel, advising that a Criminal Complaint and warrant for arrest had been issued against the Debtor. (Exhibit F).

11.    Debtor now seeks to reopen his case because the arrest warrant mentioned above was acted upon on September 19, 2005. Later that day, at approximately 1:45 p.m., the Parma Heights Police Department in Ohio telephoned the Clark County District Attorney's office to advise that the Debtor was in their custody, to confirm Clark County's arrest warrant, criminal charges and confirm the extradition hold. The Clark County District Attorney's office confirmed the arrest warrant and the decision to have the Debtor extradited to Clark County for arraignment and trial for the charges described above.

....

12. At approximately 3:01 p.m., after learning of the District Attorney's decision to extradite and commence further criminal proceedings, the Debtor, through the Parma Heights Police Department, contacted the District Attorney's office and offered to post cash bail with the local police department in Parma and have it transferred to the Clark County District Attorney's office in full restitution of his alleged crimes.

13. The District Attorney's office accepted the cash bail transfer as full restitution, the Debtor was released, the arrest warrant quashed, and the criminal charges filed against the Debtor in Clark County, Nevada, were dismissed on October 31, 2005.

14. The Debtor now seeks to circumvent the criminal justice system by asking this court to reopen his bankruptcy case in order to enjoin the Clark County District Attorney's Office from further prosecuting him, although all charges against the Debtor have been dismissed.

III.

**MEMORANDUM OF POINTS AND AUTHORITIES**

15. The Clark County District Attorney's office was not prohibited from filing a Criminal Complaint against the Debtor alleging felony bad check violations committed in November 2003. By its terms, the automatic stay does not apply to a criminal prosecution. As set forth in 11 U.S.C. § 362(b)(1):

> The filing of a petition … does not operate as a stay-
> (1) under section (a) of this section, of the commencement *or continuation* of a criminal action or proceeding against the debtor[.] (Emphasis added).

16. Section 524(a)(2) of the Bankruptcy Code provides the discharge injunction against "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor…." However, §523(a)(7) exempts from the §524 discharge any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss…."

….

17.     In <u>Kelly v. Robinson</u>, 479 U.S. 36 (1986), the Supreme Court was asked to decide specifically whether restitution payments imposed as part of a criminal sentence are exempt from discharge in a Chapter 7 case under Bankruptcy Code § 523(a)(7). The court reasoned:

> Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant.... Because Criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution imposed in such proceedings operate "for the benefit" of the State. Similarly, they are not assessed "for ... compensation" of the victim.

*Id. at 52-53.*

18.     Even when restitution is imposed post-discharge, the action does not violate the §524 discharge injunction. See <u>In re McMullen</u>, 189 B.R. 402, 408 (Bankr.E.D.Mich. 1995) (restitution is owed to the state and "serves the state's interest in deterring crime and in punishing and rehabilitating criminals" so it is logical that prosecutor is free to seek restitution notwithstanding the discharge injunction).

19.     As result of the Criminal Complaint filed against the Debtor, an arrest warrant was subsequently issued and acted upon. The Clark County District Attorney sought to extradite the Debtor to Clark County, Nevada. However, rather than return to Clark County and assert any legal defenses to the criminal charges alleged against him, the Debtor elected to post a cash bail bond for full restitution and fees in order to avoid extradition and prosecution.

20.     The Debtor now argues that the Clark County District Attorney's Office used its police powers to collect a pre-petition obligation on behalf of a private creditor (i.e., Station Casinos). (Motion to Reopen at 2). However, Station Casinos has no control whatsoever over the criminal proceedings initiated by the State of Nevada. The Debtor has ....

failed to allege any facts showing that Station Casinos has control over the restitution payments which could cause them to be something other than penal in nature.

21.     Moreover, the Clark County District Attorney's office was ready, willing and able to extradite the Debtor so that he could face the criminal charges filed against him in the State of Nevada. The sanctions under the Nevada statute are penal and rehabilitative in nature, designed to send the message that the State will not tolerate the victimization of individuals and businesses who accept checks that are returned for insufficient funds. The Nevada legislature has expressly determined the policy and procedure for punishing those who pass bad checks within the state. The State's system of restitution is but one part of the criminal prosecution process. In this case, the District Attorney was prepared to go forward with extradition and prosecution with the goal of conviction on fraud charges and imprisonment as State law prescribes. See NRS §205.130; NRS §205.132; NRS §193.130.

22.     "The Supreme Court has 'recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful considerations that should influence a court considering equitable types of relief." In re Byrd, 256 B.R. 246, 251 (Bankr.E.D.N.C. 2000) citing Younger v. Harris, 401 U.S. 37, 44-45, 92 S.Ct 746, 750-51 (1971).

23.     As a result of the Debtor's decision to avoid extradition and further criminal proceedings, the criminal complaint filed against the Debtor in Clark County, Nevada was dismissed. Therefore, the relief requested in Debtor's motion to reopen his bankruptcy case in order to enjoin Clark County's criminal prosecution of the Debtor is not warranted.

## IV.

## CONCLUSION

The Clark County District Attorney's Office prays this Court enter an Order denying David Caravona's Motion to Reopen his bankruptcy case. The debtor has failed to state a

....

....

valid legal basis for reopening his bankruptcy case. As a result of the Debtor's own

decision, there are no legal charges pending against the debtor in Clark County, Nevada.

1    DATED this 20th day of December, 2005.

2    DAVID ROGER
     DISTRICT ATTORNEY

3

4    By _____
     KIMBERLY A. PHILLIPS

5    Deputy District Attorney
     State Bar No. 008609

6    500 South Grand Central Pkwy.
     P. O. Box 552215

7    Las Vegas, Nevada  89155-2215
     Attorney for Clark County

8    District Attorney's Office

9

10   **CERTIFICATE OF SERVICE**

11       I hereby certify that on the 20th day of December, 2005, I deposited in the United

12   States mail, postage prepaid, at Las Vegas, Nevada, enclosed in a sealed envelope, a copy of

13   the above and foregoing **Objection and Memorandum in Support of Objection by the**

14   **Clark County District Attorney's Office to Debtor's Motion to Re-Open Bankruptcy**

15   **Case** addressed as follows:

16   Robert J. Berk, Co., LPA
     Suite 1425

17   75 Public Square Building
     Cleveland, OH 44113

18   Attorney for Debtor

19

20

21   _____
     An Employee of the Clark County District

22   Attorney's Office – Civil Division

23

24

25

26



# Bad Check/Marker Complaint Form
## Clark County District Attorney
### Bad Check Diversion Unit
200 S. Third Street, 5th Floor, Las Vegas, NV 89101
(702) 455-2959    Fax (702) 455-6410

Case # _____

| First Name: David | Middle Name: R. | Last Name: Caravona | Suffix (if any): |
|---|---|---|---|

| SSN: 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 | Date of Birth: 7-11-42 | Race: (if known) | ☐ Female ☒ Male |
|---|---|---|---|

Address 1: 7192 Parma Park Blvd

Address 2:

| City: Parma | State: Ohio | Zip: 44130 | Country: |
|---|---|---|---|

| Phone #: 440-572-3641 | Driver's License: 25897383 | State Where Issued: OHIO |
|---|---|---|

| Picture ID Type: | ID #: | State Where Issued: |
|---|---|---|

| Passport #: | Country: | Hair: | Eyes: | Height: | Weight: |
|---|---|---|---|---|---|

** Attach original check/marker here **

| Check/Marker #: 168985 | Date: 11/13/03 | Check/Marker Amount: 3,000 | Returned Item Fee: $25:00 | Certified Mail Costs: |
|---|---|---|---|---|

Name & Address of Person Accepting Check/Marker: June Scherline

| Still Employed: ☒ yes ☐ no |

Purpose of Check/Marker (required):
(wages, rent, merchandise, services, gaming, etc.) GAMING

Physical location where check was passed:
SUNSET STATION HOTEL/CASINO

| Institute or Bank Check Drawn On: First Natn'l Bank of Ohio | Account number: 70868630 |
|---|---|

| Victim or Business Name: SUNSET STATION HOTEL/CASINO | Corporate Name (if different): Station Casinos, Inc. |
|---|---|

Mailing Address:
1301 W. SUNSET RD.

| City: HENDERSON | State: NV | Zip: 89014 |
|---|---|---|

| Contact Name (please print) CHERYL COOPER | Phone #: 702-547-7702 | Fax #: 702-547-7836 |
|---|---|---|

Contact E-mail Address:
Cheryl.cooper@stationcasinos.com

*I (WE) hereby authorize the Clark County District Attorney or his designee as my agent to endorse and cash any negotiable instrument tendered by or on behalf of the drawer of the check presented for collection by this request and to obtain any bank or financial institution information regarding the drawer of this check to which we may be entitled.*

*I (WE) hereby certify that all information in this complaint is true and accurate to the best of my knowledge.*

| Signature: Cheryl Cooper | Print Name CHERYL COOPER: | Date: 8/23/04 |
|---|---|---|

*Complaint must be signed and dated when

# Exhibit A



CCOUNT #      TIME
1003369     16:18    13-NOV-03  G  P01  BJ  3

CASH  CHIPS  INITIAL_____         CUSTOMER NAME
CARAVONA, DAVID R.

**Negotiable Check**

o:    **FIRST NAT BANK OF OH**                  CHECK NO.    00168985
      NAME OF BANK

    BRANCH
    **STRONGVILLE**     **OH**                  DATE    11/13/03
    CITY AND STATE             ZIP

'AY TO THE
    ORDER OF           **SUNSET STATION**         U.S. $     $3,000.00

**THREE THOUSAND & NO/100**                   U.S. DOLLARS

                  SIGNATURE

CCOUNT NO.    70868630        PRINT NAME  CARAVONA, DAVID R.

⑈041002203⑈⑈    70868630⑈   ⑈0000300000⑈



Pay to the order of
Bank of America Nevada
For Deposit Only
Sunset Station, Inc.
Depository
#990:1023:



# Bad Check/Marker Complaint Form
## Clark County District Attorney
### Bad Check Diversion Unit
200 S. Third Street, 5th Floor, Las Vegas, NV 89101
(702) 455-2959    Fax (702) 455-6410

**Case #** _____

### Information Regarding Case

| First Name: David | Middle Name: R | Last Name: Caravona | Suffix (if any): |
|---|---|---|---|

| SSN: 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 | Date of Birth: 7-11-42 | Race: (if known) | ☐ Female ☒ Male |
|---|---|---|---|

Address 1: 7192 Parma Park Blvd.

Address 2:

| City: Parma | State: Ohio | Zip: 44130 | Country: |
|---|---|---|---|

| Phone #: 440-572-3641 | Driver's License #: R5897383 | State Where Issued: OHIO |
|---|---|---|

| Picture ID Type: | ID #: | State Where Issued: |
|---|---|---|

| Passport #: | Country: | Hair: | Eyes: | Height: | Weight: |
|---|---|---|---|---|---|

### Check/Marker Information



| Check/Marker #: 169003 | Date: 11/13/03 | Check/Marker Amount: $2,000 | Returned Item Fee: $25.00 | Certified Mail Costs: 4.65 |
|---|---|---|---|---|

| Name & Address of Person Accepting Check/Marker: Dawn Sanguine | Still Employed: ☒ yes ☐ no |
|---|---|

Purpose of Check/Marker (required):
(wages, rent, merchandise, services, gaming, etc.) GAMING

Physical location where check was passed:
SUNSET STATION HOTEL/CASINO

| Institute or Bank Check Drawn On: First Natn'l Bank of Ohio | Account number: 70868630 |
|---|---|

### Victim Information

| Victim or Business Name: SUNSET STATION HOTEL/CASINO | Corporate Name (if different): Station Casinos, Inc. | |
|---|---|---|

Mailing Address:
1301 W. SUNSET RD.

| City: HENDERSON | State: NV | Zip: 89014 |
|---|---|---|

| Contact Name (please print) CHERYL COOPER | Phone #: 702-547-7702 | Fax #: 702-547-7836 |
|---|---|---|

Contact E-mail Address:
Cheryl.cooper@stationcasinos.com

I (WE) hereby authorize the Clark County District Attorney or his designee as my agent to endorse and cash any negotiable instrument tendered by or on behalf of the drawer of the check presented for collection by this request and to obtain any bank or financial institution information regarding the drawer of this check to which we may be entitled.

I (WE) hereby certify that all information in this complaint is true and accurate to the best of my knowledge.

| X Signature: Cheryl Cooper | Print Name CHERYL COOPER: | Date: 5/23/04 |
|---|---|---|

*Complaint must be signed and dated when submitted

** Attach original check/marker here **



ACCOUNT #          TIME
1003369        21:39    13-NOV-03   S  C01.

CASH  CHIPS  INITIAL                    CUSTOMER NAME
                              CARAVONA, DAVID R.

Negotiable Check

TO:
FIRST NAT BANK OF OH                          CHECK NO,  00169003
    NAME OF BANK

STRONGVILLE          OH                        DATE  11/13/03
    CITY AND STATE          ZIP

PAY TO THE
    ORDER OF            SUNSET STATION          U.S.$      $2,000.00

TWO THOUSAND & NO/100                          U.S. DOLLARS

                              SIGNATURE

ACCOUNT NO.   70868630        PRINT NAME  CARAVONA, DAVID R.

⑆041002203⑆ ⑈      70868630⑈      ⑈0000200000⑈





# Bad Check/Marker Complaint Form
## Clark County District Attorney
### Bad Check Diversion Unit
200 S. Third Street, 5th Floor, Las Vegas, NV 89101
(702) 455-2959    Fax (702) 455-6410

Case # _2004 20111?3_

**Information Regarding Issuer**

| First Name: David | Middle Name: R. | Last Name: Caravona | Suffix (if any): |
|---|---|---|---|

| SSN: 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 | Date of Birth: 7-11-42 | Race: (if known) | ☐ Female ☒ Male |
|---|---|---|---|

Address 1: 7192 Parma Park Blvd.

Address 2:

| City: Parma | State: Ohio | Zip: 44130 | Country: |
|---|---|---|---|

| Phone #: 440-572-3641 | Driver's License #: 25897383 | State Where Issued: OHIO |
|---|---|---|

| Picture ID Type: | ID #: | State Where Issued: |
|---|---|---|

| Passport #: | Country: | Hair: | Eyes: | Height: | Weight: |
|---|---|---|---|---|---|

**Check/Marker Information**

| Check/Marker #: 69004 | Date: 11-13-03 | Check/Marker Amount: $3,000 | Returned Item Fee: $25.00 | Certified Mail Costs: |
|---|---|---|---|---|

Name & Address of Person Accepting Check/Marker: Danielle Smith

Still Employed: ☒ yes ☐ no

Purpose of Check/Marker (required):
(wages, rent, merchandise, services, gaming, etc.) GAMING

Physical location where check was passed:
SUNSET STATION HOTEL/CASINO

| Institute or Bank Check Drawn On: First Nat'n'L Bank of Ohio | Account number: 70868630 |
|---|---|

**Victim Information**

| Victim or Business Name: SUNSET STATION HOTEL/CASINO | Corporate Name (if different): Station Casinos, Inc. |
|---|---|

Mailing Address:
1301 W. SUNSET RD.

| City: HENDERSON | State: NV | Zip: 89014 |
|---|---|---|

| Contact Name (please print) CHERYL COOPER | Phone #: 702-547-7702 | Fax #: 702-547-7836 |
|---|---|---|

Contact E-mail Address:
Cheryl.cooper@stationcasinos.com

I (WE) hereby authorize the Clark County District Attorney or his designee as my agent to endorse and cash any negotiable instrument tendered by or on behalf of the drawer of the check presented for collection by this request and to obtain any bank or financial institution information regarding the drawer of this check to which we may be entitled.

I (WE) hereby certify that all information in this complaint is true and accurate to the best of my knowledge.

| X Signature: Cheryl Cooper | Print Name CHERYL COOPER: | Date: 8/23/04 |
|---|---|---|

**Complaint must be signed and dated when submitted


** Attach original check/marker here **



ACCOUNT # 1003369 TIME 22:09 13-NOV-03 G P01 BJ 34

CASH CHEK INITIAL

CUSTOMER NAME
CARAVONA, DAVID R.

Negotiable Check

TO: FIRST NAT BANK OF OH
NAME OF BANK

CHECK NO. 00169004

STRONGVILLE    OH        ZIP
BRANCH
CITY AND STATE

SUNSET STATION

Returned Not Paid
Because Presented
N

DATE 11/13/03

PAY TO THE
ORDER OF          SUNSET STATION          U.S.$          $3,000.00

THREE THOUSAND & NO/100          U.S. DOLLARS

SIGNATURE

.CCOUNT NO.  70868630

PRINT NAME  CARAVONA, DAVID R.

⑆041002203⑆  70868630⑈  ⑈0000300000⑈



WIRED BY
041200655
DATE 2/18/04

WIRED BY
041200655
DATE 3/4/04

Pay to the Order of
Bank of America Nevada
For Deposit Only
Sunset Station, Inc
Depository



# Bad Check/Marker Complaint Form
# Clark County District Attorney
### Bad Check Diversion Unit
### 200 S. Third Street, 5th Floor, Las Vegas, NV 89101
### (702) 455-2959    Fax (702) 455-6410

**Case #** 2004-23498



## Information regarding maker

| First Name: | Middle Name: | Last Name: | Suffix (if any): |
|---|---|---|---|
| David | R | Caravona | |

| SSN: 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 | Date of Birth: 7-11-42 | Race: (if known) | ☐ Female ☒ Male |
|---|---|---|---|

Address 1: 7192 Parma Park Blvd.

Address 2:

| City: Parma | State: Ohio | Zip: 44130 | Country: |
|---|---|---|---|

| Phone #: 440-572-3641 | Driver's License #: R5897383 | State Where Issued: OHIO |
|---|---|---|

| Picture ID Type: | ID #: | State Where Issued: |
|---|---|---|

| Passport #: | Country: | Hair: | Eyes: | Height: | Weight: |
|---|---|---|---|---|---|

## Check/Marker Information

| Check/Marker #: 169026 | Date: 11/14/03 | Check/Marker Amount: 3,000 | Returned Item Fee: $25.00 | Certified Mail Costs: |
|---|---|---|---|---|

Name & Address of Person Accepting Check/Marker: Danielle Smith     Still Employed: ☒ yes ☐ no

Purpose of Check/Marker (required):
(wages, rent, merchandise, services, gaming, etc.) GAMING

Physical location where check was passed:
SUNSET STATION HOTEL/CASINO

| Institute or Bank Check Drawn On: First Natn'l Bank of Ohio | Account number: 70868630 |
|---|---|

## Victim Information

| Victim or Business Name: SUNSET STATION HOTEL/CASINO | Corporate Name (if different): Station Casinos, Inc. | |
|---|---|---|
| Mailing Address: 1301 W. SUNSET RD. | | |
| City: HENDERSON | State: NV | Zip: 89014 |
| Contact Name (please print) CHERYL COOPER | Phone #: 702-547-7702 | Fax #: 702-547-7836 |
| Contact E-mail Address: Cheryl.cooper@stationcasinos.com | | |

I (WE) hereby authorize the Clark County District Attorney or his designee as my agent to endorse and cash any negotiable instrument tendered by or on behalf of the drawer of the check presented for collection by this request and to obtain any bank or financial institution information regarding the drawer of this check to which we may be entitled.

I (WE) hereby certify that all information in this complaint is true and accurate to the best of my knowledge.

| X Signature: Cheryl Cooper | Print Name CHERYL COOPER: | Date: 8/3/04 |
|---|---|---|

*Complaint must be signed and dated when submitted

*Attach original check/marker here**



ACCOUNT # 1003369    TIME 7:27    14-NOV-03    G P01    BJ    2

CASH  CHKS  INITIAL

CUSTOMER NAME
**CARAVONA, DAVID R.**

Negotiable Check

TO: **FIRST NAT BANK OF OH**
NAME OF BANK

CHECK NO. 00169026

BRANCH
**STRONGVILLE**    **OH**    ZIP

DATE 11/14/03

PAY TO THE
ORDER OF    **SUNSET STATION**    U.S. $    $3,000.00

**THREE THOUSAND & NO/100**    U.S. DOLLARS

SIGNATURE

ACCOUNT NO. **70868630**    PRINT NAME    CARAVONA, DAVID R.

⑈041002203⑈ 70868630⑈ 0000300000⑈



WIRED BY
04/20/0G65

WIRED BY
04/20/0G65

BANK OF AMERICA NEVADA
For Deposit Only
Sunset Station, inc.
Depository
6-990-1023



# Bad Check/Marker Complaint Form
## Clark County District Attorney
### Bad Check Diversion Unit
200 S. Third Street, 5th Floor, Las Vegas, NV 89101
(702) 455-2959    Fax (702) 455-6410

Case # _Soot 89/165_

**Information of Person Being Issued**

| | | | |
|---|---|---|---|
| First Name: _David_ | Middle Name: _R_ | Last Name: _Caravona_ | Suffix (if any): |
| SSN: _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_ | Date of Birth: _7-11-42_ | Race: (if known) | ☐ Female ☒ Male |
| Address 1: _7192 Parma Park Blvd._ | | | |
| Address 2: | | | |
| City: _Parma_ | State: _Ohio_ | Zip: _44130_ | Country: |
| Phone #: _440-572-3641_ | Driver's License #: _R5897383_ | | State Where Issued: _OHIO_ |
| Picture ID Type: | ID #: | | State Where Issued: |
| Passport #: | Country: | Hair: | Eyes: | Height: | Weight: |

**Check/Marker Information**

| Check/Marker #: _169049_ | Date: _11/14/03_ | Check/Marker Amount: _$2,000_ | Returned Item Fee: _$25.00_ | Certified Mail Costs: |
|---|---|---|---|---|
| Name & Address of Person Accepting Check/Marker: _Ned Hansen_ | | | | Still Employed: ☒ yes ☐ no |

Purpose of Check/Marker (required):
(wages, rent, merchandise, services, gaming, etc.) GAMING
SUNSET STATION HOTEL/CASINO
Physical location where check was passed:
SUNSET STATION HOTEL/CASINO

| Institute or Bank Check Drawn On: _First Natn'L Bank of OHio_ | Account number: _70868630_ |
|---|---|

**Victim Information**

| Victim or Business Name: SUNSET STATION HOTEL/CASINO | Corporate Name (if different): Station Casinos, Inc. | |
|---|---|---|
| Mailing Address: 1301 W. SUNSET RD. | | |
| City: HENDERSON | State: NV | Zip: 89014 |
| Contact Name (please print) CHERYL COOPER | Phone #: 702-547-7702 | Fax #: 702-547-7836 |
| Contact E-mail Address: Cheryl.cooper@stationcasinos.com | | |

I (WE) hereby authorize the Clark County District Attorney or his designee as my agent to endorse and cash any negotiable instrument tendered by or on behalf of the drawer of the check presented for collection by this request and to obtain any bank or financial institution information regarding the drawer of this check to which we may be entitled.

I (WE) hereby certify that all information in this complaint is true and accurate to the best of my knowledge.

| X Signature: _Cheryl Cooper_ | Print Name: CHERYL COOPER: | Date: _9/23/04_ |
|---|---|---|

*Complaint must be signed and dated when submitted



** Attach original check/marker here **



ACCOUNT #  
1003369  TIME 14:52  14-NOV-03  G  P01  BJ  2

CASH  CHIPS  INITIAL

CUSTOMER NAME  
CARAVONA, DAVID R.

**Negotiable Check**

TO: **FIRST NAT BANK OF OH**  
NAME OF BANK

CHECK NO.  00169049

BRANCH  
**STRONGVILLE**  OH  
CITY AND STATE  ZIP

DATE  11/14/03

PAY TO THE  
ORDER OF  **SUNSET STATION**  U.S.$  $2,000.00

**TWO THOUSAND & NO/100**  U.S. DOLLARS

SIGNATURE

ACCOUNT NO.  70868630  PRINT NAME  CARAVONA, DAVID R.

⑆041002203⑆  70868630⑈  0000200000⑈



**NRS 205.130  Issuance of check or draft without sufficient money or credit: Penalties.**

1.  Except as otherwise provided in this subsection and subsections 2 and 3, a person who willfully, with an intent to defraud, draws or passes a check or draft to obtain:

(a) Money;

(b) Delivery of other valuable property;

(c) Services;

(d) The use of property; or

(e) Credit extended by any licensed gaming establishment,

↪ drawn upon any real or fictitious person, bank, firm, partnership, corporation or depositary, when the person has insufficient money, property or credit with the drawee of the instrument to pay it in full upon its presentation, is guilty of a misdemeanor. If that instrument, or a series of instruments passed in the State during a period of 90 days, is in the amount of $250 or more, the person is guilty of a category D felony and shall be punished as provided in NRS 193.130. In addition to any other penalty, the court shall order the person to pay restitution.

2.  A person who was previously convicted three times of a misdemeanor under the provisions of this section, or of an offense of a similar nature, in this State or any other state, or in a federal jurisdiction, who violates this section is guilty of a category D felony and shall be punished as provided in NRS 193.130. In addition to any other penalty, the court shall order the person to pay restitution.

3.  A person who willfully issues any check or draft for the payment of wages in excess of $250, when the person knows he has insufficient money or credit with the drawee of the instrument to pay the instrument in full upon presentation is guilty of a gross misdemeanor.

4.  For the purposes of this section, "credit" means an arrangement or understanding with a person, firm, corporation, bank or depositary for the payment of a check or other instrument.

[1911 C&P § 407; A 1917, 10; 1925, 346; 1927, 233; 1929, 93; 1941, 308; 1955, 151]—(NRS A 1960, 380; 1961, 58, 309; 1963, 495; 1967, 495; 1969, 1518; 1971, 1336; 1973, 1453; 1975, 755; 1979, 1011; 1983, 856; 1989, 1432; 1995, 1217)

**Exhibit B**

**NRS 193.130  Categories and punishment of felonies.**
   1.  Except when a person is convicted of a category A felony, and except as otherwise provided by specific statute, a person convicted of a felony shall be sentenced to a minimum term and a maximum term of imprisonment which must be within the limits prescribed by the applicable statute, unless the statute in force at the time of commission of the felony prescribed a different penalty. The minimum term of imprisonment that may be imposed must not exceed 40 percent of the maximum term imposed.
   2.  Except as otherwise provided by specific statute, for each felony committed on or after July 1, 1995:
   (a) A category A felony is a felony for which a sentence of death or imprisonment in the state prison for life with or without the possibility of parole may be imposed, as provided by specific statute.
   (b) A category B felony is a felony for which the minimum term of imprisonment in the state prison that may be imposed is not less than 1 year and the maximum term of imprisonment that may be imposed is not more than 20 years, as provided by specific statute.
   (c) A category C felony is a felony for which a court shall sentence a convicted person to imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 5 years. In addition to any other penalty, the court may impose a fine of not more than $10,000, unless a greater fine is authorized or required by statute.
   (d) A category D felony is a felony for which a court shall sentence a convicted person to imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 4 years. In addition to any other penalty, the court may impose a fine of not more than $5,000, unless a greater fine is authorized or required by statute.
   (e) A category E felony is a felony for which a court shall sentence a convicted person to imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 4 years. Except as otherwise provided in paragraph (b) of subsection 1 of NRS 176A.100, upon sentencing a person who is found guilty of a category E felony, the court shall suspend the execution of the sentence and grant probation to the person upon such conditions as the court deems appropriate. Such conditions of probation may include, but are not limited to, requiring the person to serve a term of confinement of not more than 1 year in the county jail. In addition to any other penalty, the court may impose a fine of not more than $5,000, unless a greater penalty is authorized or required by statute.
   [1911 C&P § 18; RL § 6283; NCL § 9967]—(NRS A 1967, 458; 1995, 1167; 1997, 1177; 1999, 1186)

**Exhibit C**

# Robert J. Berk Co., L.P.A.

Attorney at Law
Suite 1425
75 Public Square Building
Cleveland, Ohio 44113
216/241/3880
FAX 216/241/5366

November 2, 2004

Office of the District Attorney
Bad Check Diversion Unit
200 South Third Street, 5th Floor
Las Vegas, Nv. 89101

> Re:   David R. Caravona
>       7192 Parma Park Blvd.
>       Parma, Ohio 44130
>       Bankruptcy Case: 04-23498
>       Filed: 10/21/04
>       United States Bankruptcy Court
>       Northern District, Ohio

Gentlemen:

Please be advised that I represent David R. Caravona with regard to the above-captioned matter.

Enclosed please find a copy of your letter of September 1, 2004, sent to Mr. Caravona.

Thereafter, Mr. Caravona attempted to enter into payment arrangements with the casino, made several payments, but was not able to complete repayment of his debt, and he filed a Chapter 7 Bankruptcy.

Enclosed please find a copy of the First Meeting Notice of that bankruptcy.

Under federal bankruptcy law believe that his obligation to the Sunset Station Casino will be discharged in this bankruptcy.

Sincerely,

Robert J. Berk
RJB:pkd

**Exhibit D**



# OFFICE OF THE CLARK COUNTY DISTRICT ATTORNEY
## BAD CHECK DIVERSION UNIT

**DAVID ROGER**
*District Attorney*

NOVEMBER 2, 2004

ROBERT J BERK, ESQ.
75 PUBLIC SQUARE #1425
CLEVELAND OHIO 44113

RE:    DAVID A CARAVONA
       CASE NO(S): 2004-261161 thru 2004-261165

Dear ROBERT J BERK, ESQ.:

I am writing to advise you that the Clark County District Attorney's Office intends to proceed with a criminal case against your client for violation of NRS 205.130, Issuance of Check or Draft Without Sufficient Money or Credit. It is my understanding that DAVID A CARAVONA has filed or intends to file a bankruptcy petition and that he/she/they believe(s) that such action precludes us from instituting or continuing with our criminal case. THIS IS NOT TRUE.

Pursuant to NRS 205.466 et seq., this office has established The Bad Check Diversion Unit which is a program for restitution for persons who have passed a check without sufficient money or credit to pay it in full. Such offenders may avoid prosecution if they choose to avail themselves of the opportunity to pay. However, it is our policy that we do not utilize the restitution program to force collection from an individual who has obtained a stay of collection through filing bankruptcy.

The purpose of my letter is to advise you that you may want to discuss this matter with your client. While we still may negotiate the time for payment of restitution in any case, we do not intend to collect any amount of money from DAVID A CARAVONA at this time, but to proceed with our right to prosecute for what we believe to be a criminal violation of laws of the State of Nevada.

If you have any questions concerning the above, please do not hesitate to contact me.

Sincerely,

CHIEF DEPUTY DISTRICT ATTORNEY

**Exhibit E**

CLARK COUNTY DISTRICT ATTORNEY'S OFFICE
BAD CHECK DIVERSION UNIT
200 SO. THIRD ST., FIFTH FLOOR
LAS VEGAS, NV 89101
(702) 455-2959
FAX: (702) 455-6410

# **COURTESY COPY ONLY**

December 3, 2004

ROBERT J. BERK
75 PUBLIC SQUARE BUILDING
SUITE 1425
CLEVELAND, OH 44113

**REF: DAVID R. CARAVONA CASE NO. 04FH2890X**

Dear Mr. Berk:

Due to your client's failure to make restitution arrangements with this office regarding the bad checks he issued, a criminal complaint has been filed and a warrant for his arrest has been issued. He may be arrested at anytime as long as this warrant remains outstanding.

The total amount owed (including fees and penalties) on the above entitled case is **$14,975.00**.

If you wish to resolve this matter before he is arrested on this warrant, you may contact the District Attorney's Office Bad Check Diversion Unit at the number above. All restitution must be in the form of a money order or cashier's check only.

Please find enclosed a copy of the Criminal Complaint.

Sincerely,

JAMES J. MILLER
DEPUTY DISTRICT ATTORNEY

**Exhibit F**